IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD LEE CANADA,                          No. C-13-4097 TEH (PR)

      Plaintiff,                          ORDER OF DISMISSAL

  v.

J. BROWN, Correctional Officer,
et al.,

      Defendant.
_____/

      Plaintiff Ronald Lee Canada commenced this action when he filed a two-page letter with the Court on September 4, 2013, complaining of conditions at Pelican Bay State Prison (PBSP). Doc. #1. The Court cannot act on informal letters, documents, narratives, requests, etc. Consequently, on September 4, 2013, the Clerk notified Plaintiff that he had not attached a complaint to his pleadings and that he must do so in order for his action to proceed. On September 4, 2013, the Clerk also notified Plaintiff in writing that his action was deficient because he had neither paid the requisite $350.00 filing fee nor submitted a signed and completed court-approved <u>in forma pauperis</u> (IFP) application (Doc. #2). <u>See</u> 28 U.S.C. § 1915(a)(2). Plaintiff was advised that failure to file the requested items within twenty-eight (28) days would result in dismissal of the action. Doc. ## 1 & 2.

      On October 7, 2013, Plaintiff filed a request for an extension of time and the Court granted Plaintiff an additional three weeks, to October 28, 2013, in which to file the required

1  documents.  Doc. ##3 & 4.  The Court again mailed Plaintiff copies
2  of the civil rights complaint form and IFP application.  On November
3  12, 2013, Plaintiff filed a letter to the Court requesting
4  additional time because PBSP procedures were making it difficult for
5  him to obtain the certificate of funds (COF) documents he needed to
6  complete his IFP application.  Doc. #5.  On November 15, 2015,
7  Plaintiff filed another request for an extension of time because his
8  administrative remedies against Defendants had not been fully
9  exhausted.  Doc. #6.

10        This case is dismissed for two reasons.  First, although
11  Plaintiff states that he has difficulty obtaining COF documents, he
12  has not filed his claim on a civil rights complaint form, as he has
13  been informed that he must do, nor has he filled out the financial
14  part of the IFP application, which does not need input from prison
15  officials.  Second, Plaintiff's claim against Defendants is not
16  exhausted.  See Doc. #6.

17        "No action shall be brought with respect to prison
18  conditions under [42 U.S.C. § 1983], or any other Federal law, by a
19  prisoner confined in any jail, prison, or other correctional
20  facility until such administrative remedies as are available are
21  exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not
22  left to the discretion of the district court.  Woodford v. Ngo, 548
23  U.S. 81, 84 (2006).  Because exhaustion under § 1997e(a) is an
24  affirmative defense, a complaint may be dismissed for failure to
25  exhaust only if failure to exhaust is obvious from the face of the
26  complaint and/or any attached exhibits.  Wyatt v. Terhune, 315 F.3d
27
28                                  2

1108, 1119-20 (9th Cir. 2003).  The Court may dismiss a complaint
for failure to exhaust where the prisoner "concedes to
nonexhaustion" and "no exception to exhaustion applies."  Id. at
1120.

Here, Plaintiff indicates in his request for an extension
of time that his grievance has not completed PBSP's second and third
levels of administrative review.  Doc. #6.  As it is clear that
Plaintiff has not "properly exhausted" his claim by pursuing all
levels of administrative review available to him before filing the
instant action, and there is no applicable exception to the
exhaustion requirement, dismissal without prejudice is appropriate
on this ground also.

Therefore, this complaint is DISMISSED WITHOUT PREJUDICE
for failure to file a complaint, an IFP application or pay the
filing fee, and for failure to exhaust administrative remedies.
Once Plaintiff has exhausted administrative remedies, he may refile
this claim, but he must do so using a civil rights complaint form
accompanied by a completed IFP application.

The Clerk shall terminate all pending motions as moot and
close the file.

IT IS SO ORDERED.

DATED   1/6/14

THELTON E. HENDERSON
United States District Judge

N:\Docs\Dis for IFP Deficiencies\Canada 13-4097-Dis.wpd

3